O'DONOGHUE, Respondent, v. CORBY, Appellant.

1. A refusal to deliver up a chattel to the owner on demand, without lawful excuse, is a conversion.

2. It is no excuse for refusing to deliver up to the owner a paper evidencing a debt, that the debt is not justly owing, nor can it be imposed as a con-

dition to the delivery that he shall refund what he has already received upon it.

3. In an action of trover, for the conversion of a paper evidencing a debt, the measure of damages is *prima facie* the amount the paper calls for, though this may be reduced by showing payment, or that the amount is not justly due, or by other evidence that the value is less than it purports to be.

*Appeal from Buchanan Court of Common Pleas.*

This was an action in the nature of trover, for the conversion of a paper, upon which was an account against the Hannibal and St. Joseph Railroad company.

The petition stated that the plaintiff was lawfully possessed of the account as of his own property ; that it was audited and allowed, and in such a condition that, under the by-laws or rules of the company, he was entitled to demand payment of it from the defendant, who was the treasurer ; that he presented it for payment to the defendant, in St. Louis, who then paid one hundred dollars upon it, and agreed to pay the balance of $264 upon their return to St. Joseph, under which agreement the plaintiff delivered the account to him, and that the defendant refused to pay the balance on demand ; whereupon the plaintiff demanded the account, which the defendant had refused to deliver up, and had converted to his own use, to the damage of the plaintiff, &c.

The defendant answered that the account contained false charges, and was allowed by the auditing committee under a mistake as to the facts, which were well known to the plaintiff, and that payment had been withheld by direction of the president of the company. He denied the conversion of the paper, and stated that he had offered to deliver it up if the plaintiff would refund the one hundred dollars received upon it, which the plaintiff had declined to do, and that he was therefore forced to retain it for his own protection, as it was his only voucher for the payment.

Upon these pleadings, the case came to trial. Neither party offered any evidence, and the court instructed the jury to find

O'Donoghue v. Corby.

for plaintiff the sum of $264. Several instructions asked by the defendant were refused, and he appealed to this court.

*H. M. Vories*, for appellant. 1. The facts stated in the petition show that this action, which is in the form of trover, can not be maintained; but that if plaintiff had any cause of action, it was on the defendant's promise to pay the balance of the account. (Duncan v. Fisher, 18 Mo. 403.) 2. A demand and refusal may or may not amount to a conversion, and this is a question of fact, which should have been left to the jury, as also the amount of damages. (2 Greenl. Ev. § 644–5; 2 Saund. 47, *e.*; 2 Mod. 144; 18 Mo. Rep. 170.) 3. To maintain this action, the plaintiff must have had a complete property in the note and a right to the immediate possession. (1 Chitty's Pl. 170, and cases cited.) In this case, the plaintiff had delivered up the account to defendant as treasurer for one hundred dollars and his *promise* to pay the balance. He could not rescind the contract and demand the account without returning the money received.

*Gardenhire*, for respondent. Whether this case is treated as trover for the account or *assumpsit* for the balance due, all the allegations of the petition necessary to a recovery were admitted by the answer, and nothing was proved in avoidance. If the case is treated as trover, the demand and refusal were admitted, which was *prima facie* a conversion. (1 Cow. 322; 2 Mass. 398.) And so the plaintiff's property in the account was admitted. (7 Johns. 254; 10 Johns. 172.) If the case is treated as assumpsit, the promise to pay the balance was admitted.

Leonard, Judge, delivered the opinion of the court.

There are only two questions in this record — whether the conversion of the instrument sued for was admitted by the pleadings, and if so, whether the amount the paper called for was *prima facie* the proper measure of the damage. The instructions need not be considered except as they tend to raise

these questions—both of which must be answered in the affirmative. It is true, a demand and refusal is not a conversion, but only evidence of one; and the reason is, the party may have had a lawful reason for what he did. Here, however, he states the reason, and as it is altogether insufficient, his refusal was without a lawful excuse, and therefore, without any thing more, a conversion of the property to his own use.

The defendant paid a hundred dollars to the plaintiff on the order when it was first presented, and promised to pay the balance upon the return of the parties to St. Joseph. Being subsequently advised, as he states in his answer, that there was some fraud or mistake in the settlement, so that the plaintiff was not entitled to the money, he not only declined paying the residue, but refused to restore the paper unless the plaintiff would return the hundred dollars he had already received. Clearly, the alleged fraud or mistake, if proved, would have been no ground for withholding the order, although it may have been a very good reason, if true in fact, for withholding payment; and the defendant certainly had no right to impose any condition upon the plaintiff to entitle him to the possession of his own property.

This instrument was, it seems, an account settled between the plaintiff and the Hannibal and St. Joseph Railroad company, which not only imported that the sum stated was due from the company to the plaintiff, but entitled the latter to the money upon presenting it to the company's officer for that purpose. The amount therefore that the instrument called for was, *prima facie*, the value of it; and, in the absence of any other proof, the proper measure of the plaintiff's damages. (Sedg. on Dam. 2d ed. ch. 19, p. 488, and cases there cited.) The jury have found accordingly, under the instructions of the court, and no error, in point of law, has been committed. It was competent for the defendant to have met this *prima facie* case, by showing that the instrument was of less value than it purported to be; or, indeed, that it was of no greater value than the paper upon which it was written, by showing payment, or the facts set up

in the answer, or any facts impeaching the validity of the instrument ; but he declined going into proof upon this point, and must abide the result. (Sedg. on Dam. above referred to.) Judge Ryland concurring, the judgment will be affirmed.