## THE CHICAGO SOUTH BRANCH DOCK COMPANY
### *v.*
## GEORGE W. DUNLAP AND BAYLOR H. GWATHMEY.

1. SET-OFF — *must be a legally existing demand.* Though mutual demands may be set off, and damages growing out of the same transaction may be recouped, they can only be set off or recouped where demands legally exist.

2. SAME — *and herein when a right of action arises.* So if one goes upon the land of another, even with his knowledge and consent, but without any special agreement, and excavates a canal which is beneficial to the owner, not being employed or requested, however, so to do, and applies the clay excavated to his own gain and profit, as in the manufacture of brick, he cannot recover from the owner the value of the labor of excavating the clay, and, therefore, could not set off such labor in an action by the owner for the use and occupation of the land.

3. MEASURE OF DAMAGES — *use and occupation.* In an action by the owner of the land, in such case, for the use and occupation of the land, the true measure of damages is not what the clay was worth over and above the value of the labor of excavating it, but what it was worth to the defendants who appropriated it to their own gain and profit.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of assumpsit, instituted in the court below by the South Branch Dock Company against George W. Dunlap and Baylor H. Gwathmey, to recover certain rents reserved, and for use and occupation.

The plaintiff, it appears, is a corporation, incorporated in February, A. D. 1859, for the purpose of enabling it to improve its property, including the premises in question, by excavating canals or slips, and constructing therein docks connecting with the Chicago river.

The defendants were brick makers, and leased the premises in question for the purpose of carrying on the business of brick making.

Both parties being desirous of accomplishing their object with as little expense as possible — the plaintiff of procuring the excavation and construction of its canal and dock mentioned in the record, and the defendants of obtaining clay and material for the manufacture of brick, a lease was accord-

ingly made between the plaintiff, or the persons who after-
wards constituted the Chicago South Branch Dock Company,
as lessors, and the assignors of the defendants, as lessees,
dated May 15, 1856, and by its terms binding upon the
executors, administrators and assigns of both parties, under
and by virtue of which, the defendants took possession and
occupied the premises therein described, and by the terms of
said lease, were to have the use of the same, and also were to
have the clay and material contained in the canal for the
manufacture of brick, in consideration that they should exca-
vate the canal, and do the filling specified in the lease; or in
other words, the defendants were to excavate the canal for the
plaintiff, and, as a compensation, were to have the clay and
material taken therefrom, and the use of the premises for a
brick yard, free of rent.

The defendants also used and occupied certain other lots
belonging to the plaintiff, for the same purpose, which were
not included in the written lease.

This action was brought to recover the rent due for the
holding over under the lease, and also for the use and occupa-
tion of the lots not embraced in the lease. These lots lie
adjoining the premises mentioned in the written lease, and on
the line of the canal mentioned in the same, which the defend-
ants were to excavate.

The defendants occupied these lots, excavated the canal,
and used the clay taken therefrom in the manufacture of brick,
with the knowledge and consent of the plaintiff; but it does
not appear there was any special agreement as to the terms
upon which the defendants should use and occupy them.
Upon this hypothesis, the defendants contended that had they
merely excavated the canal for the plaintiff, and done the
filling and leveling shown to have been done, without making
any use of the clay taken therefrom, themselves, there would
have been an implied promise, on the part of the plaintiff, to
pay the defendants as much for their labor as it was reason-
ably worth, but having used this clay in their own business,

The Chicago South Branch Dock Company *v.* Dunlap et al.

and for their own benefit, if its value was more than the cost of the excavating, leveling and filling done, then there arises an implied promise, on the part of the defendants, to pay for the same, the difference between the value of their services to the plaintiff in excavating the canal, and the value of the clay so taken; but if the value of the clay was worth no more than the defendants' services in excavating the canal, and filling and leveling the docks, then the plaintiff was not entitled to recover, both parties being reciprocally and equally benefited by the work and labor performed.

The plaintiff insisted, on the contrary, upon the rule as laid down in the following instructions:

" If defendants excavated and used clay from the lands of plaintiff, without any special contract or agreement, but with the knowledge and assent of plaintiff's agent, the law will imply a promise, on the part of defendants, to pay for such clay as much as it was reasonably worth."

The Circuit Court refused this instruction, and gave the two following for the defendants:

*First.* " In the absence of a special agreement, the defendants are chargeable for no more than the just value of the use of the premises over the amount of the labor performed by them upon the premises, if such labor was done by the consent and with the knowledge of the plaintiff or his agent."

*Second.* " If the use of the premises was worth no more than the labor so performed by defendants, with the assent of plaintiff or his agent, the jury shall find for defendants."

The trial below resulting in a judgment against the plaintiff, he sued out this writ of error, and now presents the question as to the measure of damages he is entitled to recover, as involved in the instructions refused and given in the court below; and also, whether the defendants were entitled to a set-off in this action of the value of their labor in excavating the canal upon the lots not embraced in the written lease.

Messrs. THOMPSON & BISHOP, for the plaintiff in error.

Messrs. WALKER & DEXTER, for the defendants in error.

Mr. Justice Breese delivered the opinion of the Court:

There is but one point of any importance to be considered, arising on this record. That is the first and second instructions given by the court for the defendants in error. They are as follows: "In the absence of a special agreement, the defendants are chargeable for no more than the just value of the use of the premises over the amount of the labor performed by them upon the premises, if such labor was done by the consent and with the knowledge of the plaintiff or his agent." "If the use of the premises was worth no more than the labor so performed by defendants, with the assent of the plaintiff or his agent, the jury should find for the defendants."

We do not understand the law to be as declared in these instructions. Though mutual demands may be set off, and damages growing out of the same transaction may be recouped, they can only be set off or recouped where demands legally exist. The defendants had no legal demand against the plaintiff, for the excavations of clay made upon his land. They were not employed or requested to make them, and though made with the knowledge and consent of the plaintiff, he could not be made their debtor thereby.

A person may own a tract of land heavily timbered, which he may be desirous of having cut down and removed. Should a party, without any authority of the owner, yet with his knowledge, go upon the land, fell the timber and remove it for his own purposes, it could not be said, in an action brought by the owner for the value of the timber, that here were mutual demands, one of which must be set off against the other, and that the true measure of damages, what is the timber worth over and above the expense of cutting and removing it. The true criterion, we think, is, what was the timber worth to him who appropriated it? So if one owns a large manure heap, and another, with the knowledge of the owner, but without any agreement, removes it, and sells it or otherwise appropriates, the question is not the difference in value between removing the manure and the manure in pile, but what was it

worth to him who appropriated? So with this clay, though it might have been a benefit to the plaintiff to have it excavated and removed out of the way, the inquiry is, what was this clay worth to the defendants who appropriated it to their own gain and profit?

There was error in refusing to give the plaintiff's first instruction, and in giving the defendants' first and second instructions, for the one is the converse of the others. For these errors the judgment is reversed and the cause remanded.

*Judgment reversed.*