P. A. HUXLEY, Respondent, *v.* CONRAD HARTZELL, Appellant.

1. *Practice, Civil — Actions — Trover — Refusal to deliver without lawful reason — Conversion.* — Although a refusal to deliver property on demand does not constitute a technical conversion, it is *prima facie* evidence of it, and will be conclusive in the absence of all evidence to explain and justify the refusal. And where the refusal is qualified by certain conditions, but there is nothing to show that the qualification rests upon a legal basis, the refusal is nevertheless conversion.

2. *Practice, Civil — Actions — Bailment — Property stolen — Proper diligence.* — In an action of trover for a certain belt and its contents, where defendant was bailee without reward, the mere fact that it may have been stolen while in defendant's keeping, without his knowledge, is no defense. To excuse its non-production, it must appear that it was lost without defendant's negligence or fault.

### Error to Fifth District Court.

The instructions refused plaintiff, referred to in the opinion of the court, are as follows:

1. If the jury believe from the evidence that plaintiff delivered to the defendant, who was then in his employment as his servant or clerk, a belt with its contents, to be by him kept, and re-delivered on demand to plaintiff, and that plaintiff afterward demanded

said belt and contents from defendant, who refused, without lawful excuse, to deliver the same to him, then they will find for the plaintiff.

9. If the jury believe from the evidence that defendant, after he received from plaintiff said belt and contents, refused to deliver the same to plaintiff on the ground that he would keep it until the plaintiff made a settlement with him, then such demand and refusal is evidence of a conversion of the same to defendant's use, and the jury will find for the plaintiff unless they further believe from the evidence that it was placed out of defendant's power to deliver the same, in consequence of plaintiff or his agents taking said belt and contents.

The seventh instruction, given for defendant, was as follows:

7. If, at the time of demand, the jury should believe that said belt had been stolen by some third person without the knowledge of defendant, then the jury will find for defendant.

*Bassett & Van Waters*, and *Strong & Chandler*, for appellant.

I. A refusal to deliver goods when demanded is not *per se* a conversion, but merely evidence thereof. (28 Barb. 75, 515; 17 U. S. Dig. 573, § 17.)

II. When a party, at the time of his refusal, had it not in his power to deliver up the goods demanded, the refusal is no evidence of conversion. (6 Barb., N. Y., 443; 1 Comst. 522; Sto. on Bail. 27, 100.)

*Ensworth & Vories*, for respondent, cited O'Donoghue v. Corby, 22 Mo. 393; 2 Hill. on Torts, §§ 12, 13, and citations therein; 22 Mo. 393; 1 Cow. 322; 2 Mass. 398; 2 J. J. Marsh. 86, 97; 7 Johns. 172, 254; 1 Comst. 524, and citations; 8 Johns. 445; 2 Greenl. Ev. 622, § 142; Espmasse's Nisi Prius, 245, 254; 1 Johns. 401; 2 Johns. 411.

CURRIER, Judge, delivered the opinion of the court.

This is an action of *tort*, founded upon an alleged conversion of personal property. It is brought to recover the value of a

buckskin belt and contents, alleged to be of the value of some $700. On the trial it appeared that the plaintiff, in March, 1864, delivered the belt and contents to the defendant for safe-keeping, to be returned when called for. Evidence was given tending to show that the plaintiff, a day or two subsequent to the delivery, demanded a return of the property. This request the defendant refused to comply with unless the plaintiff would first adjust some demand which he claimed to have against him. On this point the defendant testified as follows: "I designed to keep the belt till we could complete a settlement we had not time to make on the Saturday night previously [to the demand]. Huxley stated that he wanted to use some of the money the belt contained. I told him that he could have the belt just as he gave it to me as soon as he complied with the payment of the money he owed me." The plaintiff testified that when he made the demand the "defendant replied that he had it [the belt] safe, but he had concluded to keep it and its contents until I [the plaintiff] settled with him to his satisfaction."

It thus appears from the testimony of the parties, which is not conflicting on this point, that the plaintiff duly demanded his property; that the defendant, at the time, had it safe in his possession; and that he refused to give it up unless the plaintiff would first pay and satisfy a certain demand which the former claimed to have against the latter. Had the defendant a right to impose this condition? That would seem to be the material question in this case. For, although a demand and refusal do not in themselves constitute a technical conversion, still, they are *prima facie* evidence of it, and will induce a jury to find the fact in the absence of all evidence to explain and justify the refusal. (Lockwood v. Bull, 1 Cow. 392.) The law covering the point is clearly put by Leonard, J., in O'Donoghue v. Corby, 22 Mo. 396, thus: "It is true, a demand and refusal is not a conversion, but only evidence of one; and the reason is, the party may have a lawful reason for what he did. Here, however, he states the reason; and as it is altogether insufficient, this refusal is without lawful excuse, and therefore, without anything more, a conversion of the property to his own use." In that case the defendant

made a qualified refusal, but the qualification was held unavailing because it was of such a character that it furnished no legal justification of the act.

So here, the defendant qualified his refusal, but there is nothing to show that the qualification rested upon any legal basis. It furnished no lawful excuse for the refusal. In this view of the subject, the plaintiff's first and ninth instructions taken together presented a substantially correct exposition of the law applicable to this branch of the case, although possibly subject to verbal criticism. Their refusal was error. The seventh instruction given for defendant presents a false principle of law, and is also bad as not being sustained by the evidence. There is no evidence tending to show that the belt had been stolen at the time the original demand was made. The plaintiff testified that the defendant admitted that the belt was safe in his custody when the demand was made, and the defendant fails to contradict him. If the defendant was bailee of the belt without reward, he was nevertheless bound to exercise reasonable care in its safe-keeping. The mere fact that it may have been stolen without his knowledge is not a defense. To excuse its non-production, it must appear that it was lost without defendant's negligence or fault.

The action of the District Court reversing the judgment of the Common Pleas Court is affirmed. The other judges concur.