ALBERT STEPHENSON *vs.* J. H. J. THAYER.

*Exceptions. Practice. Trover—evidence as to damages.*

In our practice, complaints of the rulings, opinions or directions of the justice presiding at *nisi prius* as to matters of law, must be presented in the form of exceptions, unless the case is reported by him for the consideration of the full court.

Objections to his proceedings in the conduct of the cause in other respects, or to his comments upon the evidence or to his expressions of opinion as to matters of fact, cannot of themselves be deemed sufficient reasons for setting aside a verdict.

Anything in his remarks or instructions to the jury which does not constitute a valid ground of exception cannot be made available under a motion to set aside the verdict, unless it appears upon a report of the whole case that the verdict was manifestly wrong, and that the suggestions of the judge may have misled the jury.

To misstate material facts in a charge to the jury, or to charge upon facts not proved nor admitted nor fairly inferable from the evidence in the case, if the attention of the judge is called to the misprision by the counsel of the losing party in season to have the error corrected before the case is given to the jury, would be good ground of exception; but suggestions as to matters of fact, or expressions of opinion by the presiding judge with regard to the state of facts in a case, so long as the determination of the facts is not withdrawn from the jury, were not subjects of exception, prior to Public Laws of 1874, c. 212.

In an action of trover by the promisee against the promisor for sundry notes of hand, the pecuniary ability of the defendant to pay them is not a subject of consideration in estimating damages.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL.

TROVER, originally brought in the superior court and subsequently transferred to this court, to recover the amount of three promissory notes made by the defendant, payable to the plaintiff; one dated January 3, 1870, for $425 and interest; another, of the same date, for $66.86, with interest, and a third dated January 8, 1870, for twenty-three dollars; all of which the plaintiff says the defendant wrongfully obtained possession of upon the eleventh day of June, 1870, and converted to his own use.

Mr. Stephenson testified that, after considerable pressure on his part for the money, Mr. Thayer told him, on the tenth day of June, 1870, that if he would call the next day the notes should be paid; accordingly he went to that gentleman's store at the time appointed, placed the notes upon the desk and, in response to an inquiry, said he thought the interest was correctly computed; that Mr. Thayer hastily took the notes, and went into the front part of the store; that he told him (Stephenson) to wait a minute; that Mr. J. S. True came in and was present when the plaintiff again demanded payment or return of the notes and the defendant replied that he had paid them, which the plaintiff denied and requested Mr. True to search him to see if he had about him any such sum of money as they amounted to, and the defendant to see if he had the notes. The defendant advised Mr. True not to get himself into trouble by mixing up in a scrape that did not concern him. Mr. True declined to search. There was evidence introduced by the defendant that the notes from him to Mr. Stephenson were for a sum less than the amount of usurious interest he had paid Mr. Stephenson. He also offered to prove his insolvency and requested the judge to instruct the jury that this fact was to be considered in determining the value of the notes alleged to have been so converted, but this instruction was refused.

In the course of the trial the defendant's counsel asked the plaintiff if he had not caused the defendant's stock, worth $4500, to be attached upon the same debt now in suit, but he was not permitted to answer. While upon the stand, Mr. Thayer testified that, at the time the appointment for meeting at his store to settle was

made, Mr. Stephenson stated to him the amount and items of indebtedess, and he wrote it down upon a card, and his counsel offered to put in the card, which the court excluded.

After Stephenson had left the store the fragments of the note for $66.86 were picked up from the counting-room floor by Frank Houghton, in the presence of John Williamson, the clerk, whose attention was called to the bits of paper (before they were picked up) by the defendant, whose counsel proposed to show by Williamson what conversation thereupon was had by these three persons, but the court declined to admit it.

There was a demurrer filed to the declaration (which was in the usual form of trover) at the first term which was overruled and exceptions taken to this ruling, as well as to all of those above recited. The plaintiff obtained a verdict for $506.44. The motion to set it aside not only claimed that it was against law and evidence, but that the charge of the judge was incorrect, misstated facts, assumed facts not proved, and had a tendency to make an erroneous impression upon and mislead the jury.

*Mattocks & Fox*, for the defendant.

*Charles F. Libby*, for the plaintiff.

BARROWS, J. The plaintiff brought trover against the defendant for three promissory notes signed by the defendant and made payable to the plaintiff. He claimed and offered testimony to show that the defendant wrongfully got them from his possession without paying them on a certain occasion when he presented them for payment. The defendant brings the case before us upon exceptions and upon a motion to set aside the verdict against him.

The causes alleged in this motion include, besides the customary assertions, that the verdict is against law, evidence and the weight of evidence, certain complaints respecting the manner in which the judge presiding at the trial dealt with the facts and testimony in the case in his charge to the jury.

A careful examination of the evidence and charge, both of which are reported in full, satisfies us that the defendant has no just cause

of complaint.  It is apparent that in the trial of such an issue as was here presented, everything must depend upon the conclusion to which the jury came as to the truthfulness of the testimony given by the plaintiff and defendant respectively.  To that inquiry the presiding judge carefully directed their attention.  It is obvious that the unwillingness of the defendant to permit True to make the search of both parties upon the spot, which was proposed by the plaintiff, and the testimony of the defendant's clerk as to the number of the notes outstanding in January, 1870, must have weighed heavily against the defendant; and supposing the parties to stand equal in the estimation of the jury, this testimony might fairly be expected to create a preponderance in favor of the plaintiff.

We see no reason to believe that the suggestions of the presiding judge, of which the defendant complains, misled the jury, or even that they affected the result.  The motion cannot be sustained.

Hereupon, before proceeding to consider the exceptions filed in this case we remark:

I. In our practice complaints of the rulings, opinions or directions of the justice presiding at *nisi prius*, as to matters of law, must be presented in the form of exceptions, unless the case is reported by him for the consideration of the full court.  *First Parish in Brunswick* v. *McKean*, 4 Maine, 508.

II. Objections to his proceedings in other respects, or to his comments upon the evidence, or to his expressions of opinion as to matters of fact, cannot of themselves be deemed sufficient reasons for setting aside a verdict.  *Palmer* v. *Pinkham*, 37 Maine, 252; *Phillips* v. *Kingfield*, 19 Maine, 375; *Gilbert* v. *Woodbury*, 22 Maine, 246; *Dyer* v. *Greene*, 23 Maine, 464; *Frankfort Bank* v. *Johnson*, 24 Maine, 490; *Hayden* v. *Bartlett*, 35 Maine, 203.

III. Anything in his remarks or instructions to the jury, which does not constitute a valid ground of exception, cannot be made available under a motion to set aside the verdict unless it appears upon a report of the whole case that the verdict was manifestly wrong and that the suggestions of the judge may have misled the jury.  *Loud* v. *Pierce*, 25 Maine, 241.  This condition seems to

have been deemed essential by the Massachusetts courts in *Curl* v. *Lowell*, 19 Pick., 28.

IV. To misstate material facts in a charge to the jury, or to charge upon facts not proved, nor admitted, nor fairly inferable from the evidence in the case,—if the attention of the judge is called to the misprision by the counsel of the losing party in season to have the error corrected before the case is given to the jury,—would be good ground of exception or for setting aside the verdict if the case was presented on report. *Pierce* v. *Whitney*, 22 Maine, 113.

V. But suggestions as to matters of fact or expressions of opinion by the presiding judge with regard to the state of facts in a case, so long as the determination of the facts is not withdrawn from the jury are not subjects of exception. *Phillips* v. *Veazie*, 40 Maine, 97.

With these rules in view, looking now at the exceptions here filed, we find that the only point raised in them which is insisted on in argument, is the right to instruct the jury, that if they found a conversion it was their duty to take into consideration the defendant's ability to pay his debts at the time of the conversion in estimating the damages. Herein we see no error.

A debtor cannot, after wrongfully depriving his creditors of the evidence of his indebtment, mitigate the damages to be recovered against him for this act by setting up his own worthlessness. The sum which the defendant himself realizes by the act of conversion must surely be the lowest measure of damages. If a man takes up his own paper in that manner, the amount which he would have been legally bound to pay to retire it regularly, is surely the amount which he has realized by its conversion. The remark made by the presiding judge in refusing the request was doubtless correct; and the distinction thereby recognized between the position of a man who wrongfully converts securities upon which he is himself liable, and him who converts securities outstanding against third parties (which may be of more or less value according to the ability of those parties to pay) is just and sound. Nor is there anything in the authorities cited by defendant's counsel to

militate against the rule laid down in the charge. *Matthew et al.* v. *Sherwell*, 2 Taunt., 439, was a suit brought by the assignees of a bankrupt against one who had received the bankrupt's check after the act of bankruptcy and the sole ground upon which the plaintiffs could be supposed to have any claim at all was that the check was invalid. The plaintiffs then mistook their remedy in claiming damages for the conversion of a piece of paper which they themselves contended had no legal force or efficacy. In *O'Donoghue* v. *Corby*, 22 Mo., 393, the plaintiff sued an officer of a corporation in trover for withholding an account which bore a certificate of approval by an auditing committee. The defendant answered that the account contained false charges and was allowed by the auditing committee under a mistake of facts which were well known to the plaintiff, and that payment of the account had been withheld by the direction of the president of the company. The court held that the amount apparently due was *prima facie* the amount of damages for the conversion, but that it was competent for defendant to show in reduction of damages—not that the company was unable to pay—but that the document was of less value than it purported to be or even that it was of no greater value than the paper it was written upon by showing payments, or the facts set up in the answer or any facts impeaching the validity of the instrument. The case does not sustain the position taken by the defendant here. He had the benefit of all that went to show that less was due upon the notes than appeared by their tenor. More than this he could not rightfully claim.

The several matters mentioned in the exceptions as having been offered by the defendant in testimony and excluded were all plainly inadmissible. As we have already seen the assertions that the judge charged upon facts not proved, or misstated material facts to the jury, if they had had any foundation in fact, should have been presented in the form of exceptions. Not being so presented they are not regularly before us. But we do not see that they have any substantial basis.        *Motion and exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.