NEISWANGER v. SQUIER, *Appellant.*

1. **Lease, with Privilege of Removing Building:** EXTENSION OF TERM BY PAROL. A tenant entitled by the covenants of his lease to remove a building on the demised premises at the expiration of his term, under a verbal agreement with his landlord held over for a further term, and then surrendered the premises including the building to the landlord, with a verbal agreement that the landlord should insure the building and keep it in repair, and might let it

and receive the rents until the tenant should wish to remove it. *Held*, that he had not forfeited or abandoned his right to remove.

2. **Landlord and Tenant**: CONVERSION. Refusal by a landlord to permit a tenant entitled to remove a building from the demised premises to exercise his right, is a conversion.

3. ——: ——: MEASURE OF DAMAGES. The measure of damages for breach by a landlord of a covenant to permit his tenant to remove a building from the demised premises, is the value of the building on the premises on the day when the breach occurred, with interest. *See Seibel v. Siemon*, 72 Mo. 526.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

This was an action for the conversion of a frame building. The petition was as follows: On April 1st, 1875, plaintiffs were the owners and in possession of the frame building situated on the southwest corner of Fifth and Wyandotte streets, in Kansas City, Missouri, being then used by plaintiffs as a livery, sale and feed stable. On said April 1st, 1875, plaintiffs delivered said building and the possession thereof to defendant, to be returned by defendant to plaintiffs upon demand made by plaintiffs. On January 31st, 1876, plaintiffs demanded said building from defendant, and defendant refused to deliver the same to plaintiffs, and defendant then and there converted the same to his own use to the damage of plaintiffs in the sum of $3,000. Said building was of the value of $2,500. Plaintiffs pray judgment, etc.

The evidence showed that plaintiffs had been tenants of defendant under a written lease, by the terms of which defendant had a right, if he wished, at the expiration of the lease, to buy any building that plaintiffs might erect on the premises at a price to be fixed by appraisers, and if not so purchased by him, plaintiffs were entitled to remove the same from the premises; that they had erected the building in controversy; that before the expiration of the

lease plaintiffs made a verbal agreement with defendant for the extension of the lease on the same terms for a further period of one year; that before the expiration of the year plaintiffs surrendered possession of the premises to defendant, under a verbal agreement that he should insure and keep the building in repair, and might let it and receive the rents therefrom until such time as plaintiffs might wish to remove it; that after the expiration of the year, and at a time when the premises were in the actual occupation of a new tenant, plaintiffs asked permission of defendant to remove the building; but defendant refused. Defendant objected to the evidence tending to establish these agreements on the ground that they were within the statute of frauds, and, to be valid, must be in writing; but this objection was overruled. The court instructed the jury that upon this state of facts the plaintiffs were entitled to recover, and by the second instruction directed them to assess the damages at the value of the building on the day when the demand was made, with six per cent interest, and refused to instruct them that they "must estimate what the value of the building would be to a person who must remove it from the land," and find their verdict accordingly. Plaintiffs had judgment and defendant appealed.

*Tichenor & Warner* for appellant.

1. The plaintiffs' term had ended; they verbally rented again for a year; after that they surrendered possession to defendant, the owner of the lot; thereby giving up all right to remove the building, unless there was a new and valid contract, giving them the right. A tenant might remove a thing fixed to the realty during the term; he did not have the right after the term, and after he had surrendered possession to the landlord. *Lacey v. Giboney*, 36 Mo. 320; *Bank v. Kercheval*, 65 Mo. 682. This is not a case like *Priestley v. Johnson*, 67 Mo. 632, where the rights of the parties were determined by the contract under which

the building was erected—but plaintiffs seek to abandon the old contract, and to set up a new one—which was in effect a license to enter upon defendant's land after they had surrendered possession of it. True, a license coupled with an interest vests certain rights in a party entering the land and while in possession, but plaintiffs entered and built under a written contract, and now claim that this contract was done away by a verbal license. To have such effect there must be an instrument in writing. *Fuhr v. Dean*, 26 Mo. 116; *Desloge v. Pearce*, 38 Mo. 588; *Boone v. Stover*, 66 Mo. 430.

2. Plaintiffs, under an agreement with defendant, allowed him to rent the building and his lot, and the lot and building were in possession of defendant's tenant at the time plaintiffs demanded that they be allowed to move the building. (*a*) It is essential that plaintiffs should have had not only right of property, but the right to immediate possession. *Forth v. Pursley*, 82 Ill. 154; 2 Greenleaf Ev., § 642; *Caldwell v. Cowan*, 9 Yerg. 262; *Wilson v. Wilson*, 37 Md. 15; *Dungan v. M. B. Life Ins. Co.*, 30 Md. 248; *Triscony v. Orr*, 49 Cal. 612. (*b*) If any one hindered plaintiffs in taking possession, it was the tenant, and not defendant —and if right of action lay against any one, the tenant was the one. *Gillet v. Roberts*, 57 N. Y. 28. (*c*) But plaintiffs acquiesced in the renting, hence they could not have sued tenant. *Alexander v. Rundle*, 75 Ill. 85; *Waring v. P. R. R. Co.*, 76 Pa. St. 491. (*d*) It was impracticable for defendant to have delivered possession when demand was made; this is an excuse. *Buck v. Ashley*, 37 Vt. 475; *Dearbourn v. Bank*, 58 Me. 274; *Brown v. Boyce*, 68 Ill. 294; *Abraham v. Nunn*, 42 Ala. 51; *Jones v. Hotchkiss*, 61 Me. 482; *Kelsey v. Griswold*, 6 Barb. 436; *Packard v. Getman*, 4 Wend. 615; *Boobier v. Boobier*, 39 Me. 406; 2 Greenleaf Ev., § 644.

3. The petition does not state a cause of action. It does not state, that at the time they made demand, or when they brought suit, that they were the owners of and en-

titled to the immediate possession of the building, and they do not allege that defendant unlawfully converted the same. *Waring v. P. R. R. Co.*, 76 Pa. St. 491; *Perry v. Musser*, 68 Mo. 477; *Jones v. Hotchkiss*, 61 Me. 482.

4. As to the measure of damages. Certainly the value would be greater to the one who was not compelled to remove it. The original cost, less a per cent for wear and tear, expense of moving and putting up again, might not be the value of the building so reconstructed.

*Karnes & Ess* for respondents.

1. The building was personal property by force of the agreement between the landlord and the tenant. *Hines v. Ament*, 43 Mo. 298; *Dryden v. Kellogg*, 2 Mo. App. 87; 1 Greenleaf Cruise, p. 46, § 8; *Lowenberg v. Bernd*, 47 Mo. 297; *Priestley v. Johnson*, 67 Mo. 632; *Russell v. Richards*, 10 Me. 429; *Ashmun v. Williams*, 8 Pick. 402.

2. Defendant's refusal to permit the removal of the building, is in law, a conversion. *Bristol v. Burt*, 7 Johns. 254; 2 Greenleaf Ev., § 642; *Clark v. Whitaker*, 19 Conn. 319; *Hare v. Pearson*, 4 Iredell 76; *Koch v. Branch*, 44 Mo. 542; *O'Donoghue v. Corby*, 22 Mo. 393; *Huxley v. Hartzell*, 44 Mo. 370.

3. If this building was personal property and has been converted, an action of trover for it may be maintained. *Smith v. Benson*, 1 Hill 176; *Pullen v. Bell*, 40 Me. 314; *Parker v. Goddard*, 39 Me. 144; *Dame v. Dame*, 38 N. H. 429; *Hinckley v. Baxter*, 13 Allen 139; *Davis v. Taylor*, 41 Ill. 405; *Crippen v. Morrison*, 13 Mich. 23; *Tifft v. Horton*, 53 N. Y. 377; *Mott v. Palmer*, 1 Comst. (N. Y.) 564; *Farrar v. Chauffetete*, 5 Denio 527.

4. In trover the measure of damages is the value of the property at the time of conversion, with interest up to the time of trial. *Spencer v. Vance*, 57 Mo. 427; *Walker v. Borland*, 21 Mo. 289; Sedgwick Meas. of Dam., 571. In the instruction asked by appellant, the matter of interest

is wholly ignored, and for that reason of itself, it was properly refused. Moreover, had this building stood upon the lot of a third party from which it was necessary for respondents to have moved it, and the appellant had wrongfully taken it on 'to his own lot and appropriated it, he would be compelled to pay for it what it was worth to him, and would not be allowed to deduct therefrom the amount respondent would have been compelled to pay in removing it. 32. Ill. 207. " The wrong-doer must not be permitted to derive any benefit or advantage whatever from his wrongful act." Suppose the appellant had sold this building, would he not have been compelled to have accounted for what he received, though it might have been greatly in excess of what it would have been worth to respondents? Or, if he had sold the land and house together to a stranger, would he not be held for the full amount the property was enhanced by reason of the building upon it? If he sold it he must respond for the amount received. Why then, if he prefers to retain it, should he not be held for the benefit received?

5. The written lease expired October 1st, 1874. It would have been legal to have then rented respondents the same ground by parol, and the only effect would have been that a tenancy from month to month would have been created. 2 Wag. Stat., 879. This statute substituted this tenancy for the tenancy at will, which could always be created by parol. *Murray v. Armstrong*, 11 Mo. 209; *Hardy v. Winter*, 38 Mo. 106; Taylor Land. and Ten., 48. But this was a holding over by consent after a term of years, and is construed to be a tenancy from year to year, whether verbal or in writing, or the consent may even be shown by circumstances. *Grant v. White*, 42 Mo. 285; *Finney v. St. Louis*, 39 Mo. 177. A tenant holding over after the expiration of his lease will be presumed to hold under and subject to the terms of the previous lease. *Quinette v. Carpenter*, 35 Mo. 502; *Doe v. Bell*, 5 T. R. 471; 2 Smith's Lead. Cas., 186.

### I.

SHERWOOD, C. J.—By the terms of the lease the right of plaintiffs to remove the building during their term was granted. That lease, before its expiration, was extended with all the incidents of the original lease, inclusive of the right of removing the building which had been erected. This verbal agreement is not obnoxious to the objection that it was not evidenced by a note or memorandum in writing. For where, as in this instance, there is a holding over by mutual consent, or by consent express or implied, the right of the tenant after the termination of the original lease, to remove the building will not be forfeited, nor such building become the property of the landlord. *Finney v. St. Louis*, 39 Mo. 177, and cases cited. And in the absence of opposing evidence, the presumption goes that the tenant does so hold over. Ib.

### II.

In consequence of the agreement between the landlord and tenant, the building was personal property, and to be so regarded. *Hines v. Ament*, 43 Mo. 298, and cases cited; *Priestley v. Johnson*, 67 Mo. 632. The contract of the parties and their subsequent conduct relative to the building, utterly forbid the idea of abandonment; the privilege of removing the building still remained to plaintiffs; and the act of defendant in denying to them the exercise of that right must be regarded as a conversion, since " a wrongful taking or assumption of a right to control or dispose of property, constitutes a conversion. Indeed, any wrongful act, which negatives or is inconsistent with the plaintiff's right, is *per se* a conversion." *Schroeppel v. Corning*, 5 Denio 236; *Williams v. Wall*, 60 Mo. 318, and cases cited; *Huxley v. Hartzell*, 44 Mo. 370, and cases cited.

### III.

As the property was personal, and defendant converted

it, the measure of damages was properly declared in the second instruction given at plaintiffs' instance. *Spencer v. Vance,* 57 Mo. 427, and cases cited. A wrong-doer will not be permitted to advantage himself by his own wrongful act. Had defendant sold the lot with the building on it to a stranger, he would have been answerable for whatever sum the building enhanced the valuation of the lot. Can the rule be different because the conversion manifests itself by retention of the property, rather than by some other method? The criterion in such cases is the worth of the property to him who appropriates it. *The Chicago, etc., Co. v. Dunlap,* 32 Ill. 207. For these reasons, the opinion is entertained that the instructions were, taken as a whole, a correct exposition of the law applicable to the facts of the case.

So far as concerns the petition, we think it is substantially good; that it states a cause of action. Discovering no error in the record, we affirm the judgment. All concur. RAY, J., did not sit.