WILLIAM A. SKEEN, Appellant, v. THE SPRINGFIELD ENGINE AND THRESHER COMPANY, Respondent.

Kansas City Court of Appeals, November 10, 1890.

1. **Splitting Demand:** CONVERSION: SECOND ACTION: SERIES OF NOTES. Plaintiff bought an engine and gave four notes therefor, and subsequently returned the engine, rescinded the sale and demanded the notes, which were refused. Afterward, plaintiff was compelled at the suit of an innocent holder to pay the first and fourth of said notes, and thereupon sued the defendant and recovered the amount so paid. Thereafter plaintiff brought this action to recover the amount paid on the second and third of said notes. *Held* that defendant's refusal to deliver the notes, on plaintiff's rescission of the sale and demand of them, constituted a conversion of the notes, and plaintiff's right of action then accrued for the entire damages for the conversion of the four notes, and that he could not split it into several actions ; and his suit and judgment for damages for the conversion of the first and fourth notes was a bar to this action for damages for the conversion of the second and third.

2. **Conversion:** DAMAGES: NOTES. The face of the converted notes with accrued interest at the time of the conversion, without reference to whether the same had been previously or subsequently transferred to an innocent purchaser, is *prima facie* the value of them in the absence of any other proof, and is the measure of damages.

Skeen v. The Springfield Engine & Thresher Co.

3. ———: EQUITABLE ACTION : LAW ACTION. Though defendant had the notes in possession at the time of plaintiff's demand, and plaintiff would have had a perfect remedy by an equitable action restraining their transfer, still he was not obliged to resort to such remedy, as he had a complete right of action to recover the value of the notes.

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*J. P. Orr* and *Samuel P. Sparks*, for appellant.

( 1 )   Several distinct and separate causes of action may, and frequently do, arise out of a single transaction or contract. *Boyce v. Christy*, 47 Mo.; *Priest v. Deaver*, 22 Mo. App. 277 ; *Kerr v. Simmons*, 9 Mo. App. 376 ; *Dulaney v. Payne*, 101 Ill.; s. c., 40 Am. Rep. 205 ; *Adler v. Railroad*, 92 Mo. 242 ; 1 Suth. Dam. pp. 177–178 ; *Secor v. Sturgis*, 16 N. Y. 554 ; *Perry v. Dickerson*, 85 N. Y. 345.   ( 2 )   The maxim, "*Nemo debet bis vexari pro una et eadem causa*," has no application where the parties have severed the contract into more than one cause of action by providing for several successive acts of performance at different times by different means. 1 Suth. Dam., pp. 177–178 ; *Mandeville v. Welch*, 5 Wheat. 277 ; *Union, etc., Co. v. Traube*, 59 Mo. 355 ; *Bank v. Adams*, 1 Allen, 28 ; *Wright v. Butler*, 6 Wend. 284 ; *Dulaney v. Payne*, 101 Ill. 325; s. c., 40 Am. Rep. 205 ; *Kerr v. Simmons*, 9 Mo. App. 376 ; *State v. Martin*, 18 Mo. 53 ; *White v. Smith*, 33 Pa. St. 136, 186. *First*.   The rule is for the benefit of the ·debtor and may be waived by him. *Miller v. Garrison*, 42 N. Y. ( 3 Keyes ) 40.   *Second*.   Courts will not permit the rule to be invoked where it would enable a party to perpetrate a fraud, iniquity or rank injustice against his opponent. *Miller v. Garrison, supra ; Moran v. Plankinton*, 64 Mo. 337 ; *U. S. v. Throckmorton*, 98 U. S. 615.   ( 3 )

The conversion of the several notes complained of was not done by one act, but by several, at different times, and each conversion constituted a separate wrong or cause of action, just as each note constituted a separate cause of action in favor of the company, had it sued on Skeen's failure to pay. *Dulaney v. Payne, supra; Perry v. Dickerson, supra; Kerr v. Simmons, supra;* (4) A cause of action is a proceeding for the prevention or redress of a single or separate wrong. A separate right on the part of one combined with the violation of that right by another. It is synonymous with the term, "right of action," though clearly distinguishable from the term choses in action. Pomeroy, Rem., sec. 452; Bliss, Code Pleading, secs. 1–113; Boone, Code Pleading, sec. 36; *Veeder v. Baker*, 83 N. Y. 156–161; Dicey on Parties [1 Am. Ed.] ch. 2; 3 Binn Pa. 280–284; 10 Howard (N. Y.) Pr. 1. (5) The prohibition is against bringing a second action on the same cause of action *pro una et eadem causa. Dulaney v. Payne*, 101 Ill. 325; s. c., 40 Am. Rep. 205; *Kerr v. Simmons*, 9 Mo. App. *supra; Secor v. Sturgis*, 16 N. Y. App. 554; *Perry v. Dickerson*, 85 N. Y. 345. (6) The application of the doctrine is predicated of knowledge at the time of bringing the former action, and if a party bring an action in ignorance of the full extent of the injury, he will not be precluded. *Moran v. Plankinton*, 64 Mo. 337; *Slate v. Morton*, 18 Mo. 50; *Bennett v. Hood*, 1 Allen, 47; *Bagot v. Williams*, 3 Barn. & Cress. 235; *United States v. Throckmorton*, 98 U. S. 615; *Risley v. Squire*, 53 Barb. 280.

*J. W. Suddath*, for respondent.

(1) A cause of action is a wrong. Bliss on Code Pleading, secs. 1, 113; Boone on Code Pleading, sec. 36. (2) A cause of action cannot be split, or divided, so as to support two actions. *Funk v. Funk*, 35 Mo. App. 246; *Lane v. Francis*, 15 Mo. App. 107; *Taylor v.*

*Heitz,* 87 Mo. 660 ; *Trans. Co. v. Traube,* 59 Mo. 355 ; *Wagner v. Jacoby,* 26 Mo. 532 ; *Burritt v. Belfy,* 47 Conn. 323 ; 36 Am. Rep. 79. ( 3 ) A cause of action once sued upon becomes completely merged in the judgment, and can never be the basis of another suit. It can support but one suit, and one judgment. Freeman on Judgments [ 3 Ed.] secs. 215, 216 ; Bliss on Code Pleading, sec. 118 ; *Taylor v. Heitz,* 87 Mo. 660 ; *Camp v. Morgan,* 21 Ill. 255 ; *Lane v. Francis,* 15 Mo. App. 107 ; *Railroad v. Levy,* 17 Mo. App. 508 ; *Rosenmuller v. Lampe,* 89 Ill. 212 ; 31 Am. Rep. 74 ; *Ewing v. McNarry,* 20 Oh. St. 316 ; *Knorr v. Reaper Co.,* 23 Neb. 636 ; 8 Am. St. Rep. 140 ; *Warner v. Bacon,* 8 Gray ( Mass.) 397, *loc. cit.* 403. ( 4 ) Test of splitting a cause of action. *Crips v. Talvande,* 4 McCord ( S. C.) 20 ; 1 Sutherland on Damages, 176 ; *Gayer v. Parker,* 24 Neb. 643 ; 8 Am. St. Rep. 227. ( 5 ) Where several demands, or causes of action, arise out of one contract, or one transaction, and mature prior to the suit, they must all be joined in one suit, and judgment upon a part so due may be pleaded in bar to a suit upon the balance so due. *Trans. Co. v. Traube,* 59 Mo. 355 ; *Taylor v. Heitz,* 87 Mo. 660 ; *Pfeiffer v. Suss,* 73 Mo. 245, *loc. cit.* 256 ; Freeman on Judgments [ 3 Ed.] secs. 238, 240, 241 ; *Knorr v. Reaper Co.,* 23 Neb. 636 ; 8 Am. St. Rep. 140 ; *Corby, Adm'r, v. Taylor,* 35 Mo. 447 ; *Benternagle v. Cocks,* 19 Wend. ( N. Y.) 207 ; Bliss on Code Pleading, sec. 118 ; *Goodrich v. Yale,* 97 Mass. 15 ; *Warren v. Cummings,* 60 Mass. 103 ; *Draper v. Stauvenal,* 38 N. Y. 219 ; *Threshing Mch. Co. v. Farmer,* 8 N. W. Rep. 141 ; 27 Minn. 428 ; *Boutell v. Warne,* 62 Mo. 350, *loc. cit.* 355 ; *Rosenmuller v. Lampe,* 89 Ill. 212, *supra;* *Burritt v. Belfy,* 47 Conn. 323 ; 36 Am. Rep. 79 ; *Church v. Brown,* 54 Barb. ( N. Y.) 191. And this is true though the second action be brought in a different form. *Funk v. Funk,* 35 Mo. App. 246 ; *Warren v. Cummings,* 60 Mass. 103 ; *Trans. Co. v. Traube,* 59 Mo.

355, *supra*. (6) Demand and refusal, in the absence of lawful excuse therefor, is conversion. *Skeen v. Thresher Co.*, 34 Mo. App. 485, *loc. cit.* 495; *O'Donnoghue v. Corby*, 22 Mo. 393; *Huxley v. Hartzell*, 44 Mo. 370; *Neiswanger v. Squire*, 73 Mo. 192, *loc. cit.* 198; *Nanson v. Jacob*, 93 Mo. 331, *loc. cit.* 340. (7) A promissory note is the subject of conversion. *O'Donnoghue v. Corby*, 22 Mo. 393, *supra; Neal v. Hanson*, 60 Me. 84; *Huxley v. Hartzell*, 44 Mo. 370, *supra;* 3 Sutherland on Damages, p. 522. And a promissory note may be converted from the payer by the payee, and in this case the measure of damages is the face of the note and interest. *Thayer v. Manley*, 73 N. Y. 305; *Comstock v. Hier*, 73 N. Y. 269; 3 Sutherland on Damages, p. 522. (8) Refusal to surrender, upon demand therefor, the possession of several pieces of personal property, wrongfully held, constitutes but one wrong, one conversion; and one cause of action. *Nanson v. Jacob*, 93 Mo. 331, *loc. cit.* 340; *Folsom v. Clemence*, 119 Mass. 473, *Thayer v. Manley*, 73 N. Y. 305; *Funk v. Funk*, 35 Mo. App. 246; *Lane v. Francis*, 15 Mo. App. 107; *Trask v. Railroad*, 84 Mass. 331; *Benett v. Hood*, 83 Mass. 47; *Marble v. Keyes*, 73 Mass. 221.

SMITH, P. J.—On June 7, 1884, the plaintiff entered into a contract with defendant for the purchase of a steam-traction engine. The contract contained certain covenants of warranty. The machine upon trial was ascertained not as it was warranted. On August 5, 1885, the plaintiff elected to rescind said contract, and thereupon demanded of defendant the return of the notes, four in number, given for the purchase money and for the amount of money that had been paid thereon in the first instance. The defendant denied the plaintiff's right to rescind said contract, and refused to return any of said notes or the money it had been paid by the plaintiff. The defendant in the meantime had assigned the first and fourth of said notes, of

which plaintiff was ignorant, to innocent purchasers for value, who recovered judgment thereon against plaintiff, which he was compelled to pay. On the thirteenth day of May, 1887, plaintiff commenced suit against defendant to recover the amount which he had been compelled to pay in satisfaction of said judgments rendered on the said first and fourth notes, and afterwards on eighteenth of April, 1888, recovered judgment against defendant, which subsequently, on appeal, was affirmed by this court. 34 Mo. App. 485. The petition in that suit contained two counts, and the allegations therein were essentially as the first and second counts in the petition in this case, except that it set out the said first and fourth notes, while the second and third of said notes are set out in this.

The foregoing is an abridgment of the agreed statement of facts, which being quite lengthy is not deemed necessary to set forth here *in extenso* in order to have a full understanding of the question we have to decide. There were no instructions asked. The court upon the agreed statement rendered judgment for defendant, from which plaintiff appeals.

The action is one for trover and conversion. In the case between the same parties, 34 Mo. App. 385, we said that " the return of the machine by plaintiff to the place where he received it, and the demand and refusal of defendant to make restitution of the purchase money and notes, constituted a wrongful conversion thereof, and in an action on that state of facts the plaintiff would have been entitled to recover as the measure of damages the amount of money and notes, or in this case the amount which plaintiff showed that he had been compelled to pay on his notes which defendant had transferred to innocent purchasers." A refusal to give up personal property or money on demand constitutes a conversion. *Nanson v. Jacob*, 93 Mo. 331 ; *Neiswanger v. Squire*, 73 Mo. 192 ; *Huxley v. Hartzell*, 44 Mo. 370. The wrongful conversion of the plaintiff's notes

by defendants was the basis of the action in 34 Mo., *supra*, and so it is in this. The refusal by defendant to deliver to plaintiff the possession of his notes, or to repay the money which he had been, or would be, compelled to pay on them when the demand therefor was made was the act that created the plaintiff's right of action for trover and conversion. There were many facts preceding and leading up to the final and ultimate actionable fact of conversion. Out of this single and culminating act the plaintiff's action arose. The law then afforded him redress in this form of action. He could recover for the subject of the wrongful conversion in its entirety. Undoubtedly his right of recovery had accrued for the conversion of all the notes which he had given defendant, and which he wrongfully withheld from plaintiff. The decisive question of this case is whether the plaintiff, who has made the first and fourth of said notes the basis of an action in which he recovered judgment, can recover in this suit on the second and third of said notes, the essential allegations in both petitions except as to the notes being the same. "*Interest reipublicæ, ut sit finis litium,*" and "*nemo debet bis vexari pro una et eadem causa,*" are maxims that are firmly embedded in our jurisprudence. They are designed to prevent litigation between the same parties in regard to the same subject in controversy. Mr. Justice NAPTON in *Union R. R. Trans. Co. v. Traube*, 59 Mo. 355, held it to be "now well settled that a judgment concluded the rights of the parties in respect to the cause of action stated in the pleadings on which it was rendered, whether it includes the whole or only a part of the demand sued on, upon the ground that an entire claim arising either upon contract or wrong cannot be split up into several actions. Where the demands arise out of separate and distinct causes of action, the rule is otherwise. And, even where several claims payable at different times arise out of the same contract or transaction, separate actions may be brought as each

liability accrues ; but in this case it has been held that, if no action is brought until more than one of them is due, all that are due must be included in one action ; and if an action is brought where more than one is due a recovery will be a bar to a second action brought to recover the other claims that were due when the first suit was brought." This statement of the law has the support of numerous authorities. *Taylor v. Heitz*, 87 Mo. 660 ; *Pfeiffer v. Suss*, 73 Mo. 245 ; *Corby's Adm'r v. Taylor*, 35 Mo. 447 ; *Boutell v. Warne*, 62 Mo. 350 ; *Steiglider v. Railroad*, 38 Mo. App. 523 ; Freeman on Judgments [ 3 Ed.] secs. 238, 240–241 ; *Knorr v. Reaper Co.*, 23 Neb. 636 ; *Goodrich v. Yale*, 97 Mass. 15 ; *Rosenmuller v. Lampe*, 89 Ill. 212 ; *Draper v. Stauvenal*, 38 N. Y. 219. In the case of *Steiglider v. Railroad, supra*, this very question was very fully considered and passed upon in the light of the authorities, so that little more need be said here than that with the ruling there made we are quite content.

The face of the notes, with accrued interest, which defendant converted at the time of the conversion, without reference to whether the same had been previously or subsequently transferred to an innocent purchaser, was *prima facie* the value of them in the absence of any other proof. *O'Donnoghue v. Corby*, 22 Mo. 393 ; *Menkins v. Menkins*, 23 Mo. 252 ; *Bredoro v. Mut. Sav. Inst.*, 28 Mo. 181 ; *State ex rel. v. Berning*, 74 Mo. 87. And the same rule applies when an action is brought for conversion of a note of the plaintiff by the defendant. *Thayer v. Manley*, 73 N. Y. ( 28 Sickles ) 305 ; *Comstock v. Hill*, 73 N. Y. ( 28 Sickles ) 269 ; *Cranch v. White*, 1 Bing. ( N. C.) 414 ; *Evans v. Kymer*, 1 Barn. & Ad. 528 ; *Coos v. Clough*, 41 Vermont, 290 ; Chitty on Bills, 248. *Thayer v. Manley, supra*, was where the defendant by false and fraudulent representations induced plaintiff to execute and deliver to him three negotiable promissory notes, payable one, two and three years from date. Before either of the notes

became due plaintiff demanded them of defendant who refused to deliver them up. One of them fell due after the suit, which was for conversion, had been commenced. Defendant still held the notes at the trial. The trial court directed the jury, if it found for plaintiff, its verdict should be for the amount of the notes and the interest. The general term reversed the judgment. The court of appeals reversed the judgment of the general term. Mr. Justice MILLER, who delivered the opinion of the court in the case, remarks: "Defendant had it in his power to dispose of them [notes]; and, when the notes were demanded, he refused to deliver up the same, and then, or even after the action was brought, the defendant could have transferred them to a *bona fide* holder before they became due, and they would have been valid in his hands. The plaintiff thus being liable to the risk of being obliged to pay the notes when the action was brought, he was entitled to recover the actual damages which *might accrue* by reason of the transfer of the same, and that right is not impaired by the fact that one or more of the notes might become due at the time of a future trial. The cause of action existed when the suit was brought, and cannot be thus impaired and frittered away. It being a legal presumption that the plaintiff *would either pay willingly or be compelled to pay the notes*, he was entitled to recover *the amount of the notes which would indemnify him against the same*. Mere nominal damages would not cover the full amount of loss which might be incurred. A recovery for the conversion or for the taking of a specific chattel and satisfaction of the judgment changes the property in a chattel by operation of law on the principle that *solutio pretii emptionis loco habetur*, and the result by such means is considered as a complete and absolute change of title."

If the plaintiff had known that any of said notes were still in defendant's hands he would have had a perfect remedy by an equitable action restraining the

defendant from transferring them, and to compel their cancellation and delivery. Story Eq. Jurisp., sec. 906. But, even in that case, he was not obliged to resort to this mode of procedure. As the defendant had wrongfully converted the notes he had a complete right of action to recover the value of the same.

Our conclusion is that the wrongful conversion of the notes established plaintiff's *prima facie* right to recover the face value of the same. It is, therefore, quite clear that when the plaintiff's right of action accrued he was entitled to recover for the conversion of all the notes, and the measure of damages was, *prima facie*, the face value of the notes. It was wholly unnecessary for the plaintiff to wait in order to ascertain whether defendant had or would transfer the notes to innocent parties for value—whether he did or did not make such transfer was immaterial. The *gravamen* of his action was the conversion, and the measure of his damages was the face value of the notes which were the subject of the conversion. There was neither occasion nor necessity for making "two bites at a cherry." He could have included in his first action all the damages which he claims in his second suit. It seems to us that the right claimed by the plaintiff to maintain this action cannot be upheld by us without flagrantly disregarding the very wholesome maxims of the common law which have already been quoted.

Presumably the plaintiff knew, when he brought his first suit, the full measure of the damages which he was entitled to recover. This is not a case where he could be excused for failing to include all his damages in his first suit for the reason there is no element of ignorance of any fact or circumstance, essential to a recovery of all the damages he claims, which he was not in possession of when he brought his first action. There is nothing to show that it was impossible to have included and recovered all the damages that resulted to plaintiff by the defendant's

wrong. We have been unable to discover any grounds which would justify us in disapproving the action of the circuit court.

We must hold that the damages here claimed could and should have been included in the first suit, and that the defendant's· plea of *res adjudicata* upon the principles to which we have called attention must be sustained.

The judgment of the circuit court will be affirmed. All concur.