## LEFFINGWELL VS. FREYER and wife.

SURETY: *Liability in equity after release at law.*

1. Equity will not enforce a liability upon a *surety* who has been released at law, without fraud on his part.
2. A mortgage to secure a debt of F. & Bros. to plaintiff was executed by F. and his wife on premises which were the separate property of the wife. Afterwards plaintiff executed a satisfaction of the mortgage, upon F.'s promise to give a new mortgage and obtain the wife's signature thereto; which, however, she refused. *Held*, that the satisfaction would not be annulled, and the mortgage enforced against Mrs. F.; her obligation as mortgagor being only that of a surety, and there being no accident or mistake in the execution of the satisfaction, and no fraud on her part.

APPEAL from the Circuit Court for *Jefferson* County.

The case stated in the complaint is as follows: *Nelson Freyer and wife*, in April, 1857, executed to Gardner and Thayer a mortgage of land in said county, as security for notes of same date, running to said Gardner and Thayer, made by N. Freyer & Bros., of which firm *Nelson Freyer* was a member.

In February, 1859, plaintiff became owner of the notes and mortgage, paying therefor the full amount due thereon, to wit, $788; and at the same time it was agreed between him and defendants (*Mrs. Freyer* agreeing by her husband as her agent), that said mortgage should be satisfied of record by Gardner and Thayer, and the defendants should immediately thereafter execute to plaintiff a new mortgage on the same premises, to secure the same notes; and plaintiff, relying upon said agreement, and for no other consideration, paid the money to Gardner and Thayer, and permitted such satisfaction to be made of record; and the same was made, expressly upon condition that such new mortgage should be executed; but defendants have ever since refused to execute it, or to pay any part of said notes. Prayer, that said satisfaction be adjudged void; and for the usual judgment of foreclosure and sale; and for general relief.

The answer, so far as important here, alleged in substance that said mortgage indebtedness to Gardner and Thayer was paid by plaintiff out of funds of N. Freyer & Bros., put in his hands for that purpose; and with full knowledge that the mortgage (which was on *Freyer's* separate property) was to be immediately discharged of record; that the attorney of *Mrs. Freyer*, who was present at the time, insisted upon such discharge, and that no other mortgage should be given on her separate property; that *Mr. Freyer* was not her agent to make any contract as to her executing a new mortgage; and that neither he nor she ever in fact made any such agreement. It also denies all indebtedness to plaintiff on said notes, and pleads the statute of limitations.

Plaintiff testified that *Mr. Freyer* promised to have a new mortgage executed by himself and wife; and defendant testified that he said he did not know whether his wife would execute it or not; but there was no evidence tending to show that

*Mr. Freyer* was empowered by his wife to enter into any such agreement for her.

The court found the facts as alleged in the complaint; and ordered judgment as therein demanded; and defendants appealed.

*D. F. Weymouth*, and *H. S. Orton*, for appellants.

*E. & C. T. Wakeley*, for respondent.

DIXON C. J.    The obligation of a surety is *stricti juris ;* and if his contract is not binding at law, there is no liability in equity founded on the consideration between the principal parties.    A court of equity will not enforce a liability upon a surety, where he is not held at law.    This principle governing the rights of sureties in general, is equally applicable to the case of a married woman having a separate estate, who has entered into a contract as surety for her husband or some third person.    *Yale v. Dederer*, 18 N. Y., 276.

The mortgaged premises were the separate property of *Mrs. Freyer*.    The mortgage was executed to secure the debt of Freyer & Bros.    As to the mortgage, therefore, *Mrs. Freyer* was a mere surety.    The only grounds upon which equity gives relief in cases like this, as against any person, are fraud, accident or mistake.    There is no pretense of accident or mistake.    The satisfaction of the mortgage was the result of a deliberate agreement between the plaintiff and the defendant *Nelson Freyer*.    It must then be on the ground of fraud, if at all, that the satisfaction is to be set aside.    Fraud, to be available against *Mrs. Freyer*, must be fraud on her part.    It is presumed that a surety even cannot take advantage of his own fraud.    But there is not the slightest evidence showing or tending to show that *Mrs. Freyer* was guilty of any fraud in procuring the mortgage to be satisfied; and hence the action ought to have been dismissed.    This is upon the supposition

that her husband, *Nelson Freyer*, perpetrated a fraud. An examination of the evidence convinces us that the charge is not made out against him. The only ground upon which it can rest is, that he represented that he was authorized by *Mrs. Freyer* to agree to execute a new mortgage, when in fact he was not. If we take the plaintiff's own statement, no such representation was made. *Mr. Freyer* was not questioned as to his authority to promise in behalf of his wife, and what he said is quite consistent with the supposition that he had no authority, and did not intend to represent that he had, but that he made the promise believing that he could afterwards persuade *Mrs. Freyer* to execute the mortgage, as he himself had agreed. The substance of the transaction was, that the plaintiff assented to the satisfaction of the old mortgage upon *Mr. Freyer's* promise to procure the execution of a new one. The failure of such promise constitutes no ground for vacating the satisfaction as against *Mrs. Freyer*, nor for compelling her to execute a new mortgage.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions that it be dismissed.