Nelson v. Bevins.

PETER NELSON, APPELLEE, V. ANDREW BEVINS AND ALICE BEVINS, APPELLANTS.

1. **Husband and wife.** The agreement by a husband that his wife will execute a mortgage upon real estate held in her name and to which she claims title, will not be enforced against her where there is no proof that she authorized the contract.

2. ———: MORTGAGE BY WIFE. Where satisfaction of a mortgage due in three years, executed by a wife upon her real estate, was entered of record by the mortgagee upon the promise of the husband that his wife would execute a mortgage due in one year, upon the failure to execute the mortgage, *Held*, That the satisfaction would be set aside.

APPEAL from the district court of Douglas county. Tried below before SAVAGE, J.

*E. Wakeley,* for appellants.

1. Alleged agreement to give the mortgage was not in writing, nor was any memorandum of it signed or made by either Andrew or Alice Bevins. It was therefore void by the statute of frauds, without reference to where the title was. Nor was there any fact or circumstance to take the agreement out of the statute. Payment of the money alone is not sufficient to authorize a court to decree specific performance of an agreement to convey or mortgage land. The statute and the authorities leave this in no doubt whatever. Sec. 3, ch. 25, p. 372, Rev. St. Sec.

25, Id., p. 395, Rev. St.    Pp. 286–288, Comp. St.    Frey on Spec. Perf., p. 154, *et seq.*    Id., sec. 430, *et seq.* Browne on St. Frauds, sec. 461, *et seq.*, and very numerous cases cited in both works.

2.    The land was homestead of appellants and could not be mortgaged except by wife's consent and joining in the mortgage.    Comp. Stat., sec. 4, p. 296.

3.    Suit cannot be maintained as one to reform a written agreement, or written instrument.    1 Story Eq. Jur., sec. 152, 157.

4.    Cancellation cannot be set aside and canceled mortgage restored.    *Leggenwell v. Fryer*, 21 Wis., 392.  .*Brete v. Vreeland*, 2 McCarter, 103.

*John D. Howe*, for appellee.

Husband is shown by the evidence to have had abundant power to bind the property for the improvements, and to get credit on basis thereof, and expenditures being for wife's benefit are chargeable on the realty.    Schouler Domestic Relations, 237.    *Rogers v. Ward*, 8 Allen, 387. *McMurtry v. Brown*, 6 Neb., 377.    *Fowler v. Seaman*, 40 N. Y., 572.

MAXWELL, J.

This is an action for the specific execution of an agreement to execute a mortgage upon certain real estate, and for a decree foreclosing the same, and for general relief.

It is alleged in the petition in substance that on or about the 22d of September, 1879, Andrew Bevins purchased the premises in controversy, taking the title thereto in the name of Alice Bevins, his wife; that about the same time the defendants applied to the plaintiff for a loan of six hundred dollars for the purpose of erecting a house on the lot in question; that it was agreed that the defendants should have the sum required, out of a note which Bevins, as an attorney, held for collection, the defendants to secure the

same by executing a mortgage on said premises, due in one year from November 10, 1879; that about the 10th of November, 1879, Bevins gave the plaintiff his note for the sum of $600, and agreed that the mortgage should be executed in a short time; that about the 24th of that month, the defendants did execute a mortgage for the sum of $350, reciting therein the payment of $250, and providing that it should not be foreclosed until two years from the maturity of the note, which mortgage was placed on record without being presented to the plaintiff; that on or about the 10th of January, 1880, the plaintiff discovered the character of the mortgage and refused to accept the same, and thereupon Bevins agreed to execute a new mortgage, due on the 10th day of November, 1880, and relying upon this agreement of Bevins, the plaintiff canceled the mortgage given by the defendant; and that the defendants thereafter refused to give a new mortgage.

The answer alleges in substance that Alice Bevins purchased and paid for said premises; that plaintiff loaned Andrew Bevins the sum named, and agreed to take his (Bevins') note therefor, due in one year, and credit him with fees due for legal services; that afterwards the parties settled, and it was agreed that $250 was a reasonable sum for the aforesaid services; that about November 10th, 1879, the plaintiff requested Bevins to give him a mortgage, due in one year, which he refused, but promised to give him one due in three years if his wife would consent; that such mortgage was executed November 24th, 1879, and recorded in the plaintiff's absence; that in January, 1880, the plaintiff refused to accept said mortgage and canceled the same, taking Bevins' note for $350, due in one year.

The answer denies specifically that Alice Bevins ever agreed or authorized any person to agree to execute a mortgage upon said premises except as above stated, and alleges that she never knew of any proposal for a mortgage due in one year, until January, 1880.

A large amount of testimony was taken, which is set forth in the record, and to which it is unnecessary to refer at length. The court below rendered a decree that the plaintiff was entitled to have a mortgage from the defendants upon the premises in question for the sum of $350, said mortgage to be due in one year from November 10th, 1879, and to draw interest at the rate of 10 per cent; that said mortgage was a lien upon said real estate, and that the plaintiff was entitled to a decree of foreclosure and sale. The defendants appeal to this court.

It is not seriously contended that more than $350 was due from Bevins to the plaintiff on the 10th day of Nov., 1879, so that the only question necessary to be determined is, does the proof warrant a decree against the wife for the execution of a mortgage due in one year from November 10th, 1879.

It is a well settled rule of equity that a parol contract for the sale and conveyance of real estate will, if the party seeking relief has performed, or so far performed the contract as to entitle him to the relief, be specifically enforced. And if there has been a full performance on one side, the other cannot insist upon the statute as an objection to the enforcement of the contract. These principles undoubtedly apply to mortgages.

If it was clearly established that Bevins was the owner of the lot upon which the house was erected, and that the wife merely held the legal title to the same, and that the husband had borrowed the money from the plaintiff under an agreement to execute a mortgage upon said premises to secure the sum borrowed, the court would have no hesitation, after a full performance on the part of the plaintiff, to compel the execution of a mortgage in pursuance of the contract. But there is a defect in the proof on these points.

There is no pretense that the title to the real estate in question was placed in the wife's name for the purpose of defrauding creditors, nor that any of the money borrowed

was used in paying for the lot, nor does it appear that the plaintiff was not aware that the title to the real estate was in the wife.    Indeed the circumstances surrounding the transaction lead us to believe that the plaintiff trusted largely to the solvency of Bevins, who at that time held for collection notes belonging to the plaintiff for a considerable amount, and was transacting considerable business for him, and so far as appears their relations were of the most amicable character.   There is no pretense or claim that the wife ever agreed with the plaintiff or authorized any one to agree to execute a mortgage due on the 10th of November, 1880. How then can such an agreement be enforced against her?

The case is similar in that regard to that of *Morgan v. Bergen,* 3 Neb., 209.

The decree for a mortgage due November 10, 1880, and foreclosing the same, is therefore reversed.   It is very clear, however, that the satisfaction of the mortgage executed by the wife was made under a promise from Bevins that his wife would execute a mortgage due in November, 1880.

As these facts clearly appear in the pleadings and proof, the satisfaction will be set aside under the prayer for general relief, and that mortgage be reinstated in full force.

In the case of *Leggenwell v. Fryer,* 21 Wis., 392, upon facts somewhat similar to the case at bar, such relief was denied; but justice, the aim and object of all law, requires such cancellation.   A decree will be entered in this court in conformity to this opinion.

DECREE ACCORDINGLY.