PETER NELSON, APPELLEE, v. ANDREW BEVINS ET AL., APPELLANTS.

1. **Res Adjudicata.** Matters that have been adjudicated in a former suit will not be considered in a second action.

2. **Husband and wife:** MORTGAGE: CONSIDERATION. Where at the time of the execution of a promissory note by the husband he agreed that his wife should execute a mortgage on cer-

tain real estate possessed by her to secure the same, which mortgage a few days afterwards was duly executed and acknowledged, and by reason of which the credit on the note was extended two years, *Held*, That there was a sufficient consideration for the mortgage.

3.   **Purchaser pendente lite.**  Where a person purchases real estate while an action is pending to subject the property to the payment of a certain debt, the purchaser is chargeable with notice of the claim, and whatever the form of the decree under the issue made by the pleadings, takes subject to the same.

ÁPPEAL from the district court of Douglas county.

*Bevins & Churchill*, for appellants.

*J. J. O'Connor* and *Charles Ogden*, for appellee.

MAXWELL, CH. J.

This case was before this court in 1883 and is reported in 14 Neb., 153.   In that action it was stated, in substance, that on or about the 22d of September, 1879, Andrew Bevins purchased the premises in controversy, taking the title thereto in the name of his wife Alice Bevins; that about the same time the defendants Bevins and wife applied to the plaintiff for a loan of six hundred dollars for the purpose of erecting a house on the land in question ; that it was agreed between the parties that they should have the sum required out of a note which Bevins then held for collection, the defendants Bevins and wife to secure said money by executing a mortgage on said premises due in one year from November 10th, 1879; that about the 10th of November, 1879, Bevins gave the plaintiff his note for $600, and agreed that the mortgage should be executed in a short time; that about the 24th of that month Bevins and wife did execute a mortgage on said premises to the plaintiff for the sum of $350, and reciting therein the payment of $250, and providing that the mortgage should not

be foreclosed until two years from the maturity of the note. Bevins being the plaintiff's attorney at that time, placed the mortgage on record without presenting it to the plaintiff. In January, 1880, the plaintiff discovered the character of the mortgage and refused to accept the same, and thereupon Bevins promised to have a new mortgage executed, due on November 10th, 1880, and relying upon this agreement the plaintiff canceled the mortgage on record. Afterwards Mrs. Bevins refused to execute a new mortgage and the action was brought to enforce specific performance of the agreement to execute a mortgage on the real estate in question, and for a decree foreclosing said mortgage and for general relief. The court below in that case found for the plaintiff, enforced the contract made with Bevins for the execution of the mortgage due in one year from November 10th, 1879, and rendered a decree foreclosing the same. The defendants Bevins and wife then appealed to this court, where, as the proof failed to show that Bevins was the actual owner of the property, he could not without special authority bind his wife by an agreement to make a mortgage, and there being no proof of special authority, the agreement, so far as the wife was concerned, was held void.

But as the cancellation of the mortgage due in three years had been obtained under the promise of Bevins to execute a mortgage due in one year, the cancellation was set aside and the mortgage reinstated. An examination of the brief of Judge Wakeley, Bevins's attorney, will show that to have been the sole question upon which the appeal was taken; although, as an incident, it was argued that the canceled mortgage could not be reinstated. The court, however, under the facts in that case, held otherwise. While the action was pending in the supreme court Hendrix purchased the land in question with full notice of the plaintiff's rights. After the mortgage as reinstated became due this action was brought to foreclose the same, and Bevins

in his answer alleges substantially the same defenses as in the former suit, with the additional one that the plaintiff is indebted to him for services rendered in collecting a certain note against one Witherell. Mrs. Bevins pleads want of consideration for the signing of the mortgage on her part. All the defenses set up by Bevins accrued before the decree was rendered in the former case, and were fully adjudicated in that; and in the absence of fraud or mistake, of which there is no claim, will not be again considered. In regard to the defense of Mrs. Bevins it is sufficient to say that the agreement to execute the mortgage was made at the time of the execution of the note by her husband. The effect of giving the mortgage was to extend the credit two years, and no defense of this kind was interposed in the former suit, in which this court declared the mortgage valid by reinstating it. We therefore adhere to our former ruling, that the mortgage is valid. There can be no personal judgment against Alice Bevins, however, for deficiency, as she did not sign the note.

2d. It is alleged on behalf of Hendrix that he is an innocent purchaser, because he purchased without notice of any claim under this mortgage, it having been canceled of record when he made the purchase. It is a sufficient answer to this objection to say that he purchased with full notice that an action was pending to subject the property to the satisfaction of the plaintiff's claim. The particular form in which this satisfaction was to be obtained was not material if the property was to be sold for that purpose. That Hendrix had notice of this debt is unquestioned; and that it was a lien, or was sought to be made a lien, on the property is clearly established. Courts do not, where it can be avoided, sustain technical defenses the effect of which will be to defeat rights, but endeavor as far as possible to administer the law in such a manner as to do justice between the parties.

Substantial justice has been done in this case, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.