JOHN KNORR, PLAINTIFF IN ERROR, V. PEERLESS REAPER COMPANY, DEFENDANT IN ERROR.

Res Adjudicata: ESTOPPEL. In an action upon two of three promissory notes given for the purchase price of a reaper and mower, it was shown that an action had been brought upon the other of said notes by the plaintiff against the defendant, and that in that case the defendant had answered, alleging a breach of warranty in the sale of the machine on the part of the plaintiff, damages arising therefrom, and that two other notes, negotiable in form (being the ones sued on in this case), had been executed and delivered to the plaintiff. The trial in that case resulted in a judgment in favor of the defendant for a sum equal to the purchase price of the machine. It was *Held, First,* That such an adjudication was not a bar to the plaintiff's right to recover on the two notes sued on in this action. *Second,* That in an action upon the remaining two notes, the judgment in the former action estops the defendant from setting up in defense any breach of the contract upon the plaintiff's part.

ERROR to the district court for York county. Tried below before NORVAL, J.

*Sedgwick & Power,* for plaintiff in error, cited: *Baxter v. Aubrey,* 1 N. W. R., 898. Wells Res Adjudicata, 189, 191. *Aultman v. Mount,* 62 Iowa, 674.

*France & Harlan*, for defendant in error, cited : Wells Res Adjudicata, 120.    *Taylor v. Chambers*, 1 Iowa, 124. Freeman Judgments, Secs. 256, 259.    *Eastman v. Cooper*, 15 Pick., 276.    2 Greenleaf Ev., Sec. 524.    *McDonald v. Gregory*, 41 Iowa, 513.    *Doty v. Brown*, 4 N. Y., 71. *Gieser v. Farmer*, 27 Minn., 428.    *Thompson v. Myrick*, 24 Minn., 4.    *Nelson v. Bevins*, 19 Neb., 715.

REESE, CH. J.

The original action in this case was founded upon two promissory notes, executed by plaintiff in error to defendant in error, dated July 5, 1880, one for $45, due on the first day of November, 1882, and one for $50, due on the first day of November, 1883, each bearing interest at ten per cent.

The answer admitted the execution and delivery of the notes declared upon, and alleged as a defense thereto that said notes were given as a part of the purchase price of a reaper and mower, sold by defendant in error to plaintiff in error for $145, for which three promissory notes were given, two of which were the notes described in the petition.    It is alleged that, at the time of the purchase of the reaper, defendant in error warranted the same to be a good machine, constructed of good material, well adapted to the use for which it was designed, and that it would perform good work as such reaper and mower ; that plaintiff in error relied upon these representations and warranty in making the purchase, but that the machine failed to perform as warranted, and was, in fact, worthless ; that afterwards a new contract was made between plaintiff and defendant, by which it was agreed that defendant in error should repair the machine, replacing the defective parts, and substituting good material therefor ; in short, make the machine fully comply with the terms of the original warranty ; that in case it failed, the damages which

had been sustained by plaintiff in error, amounting to $100, as claimed by him, should be paid, together with all damages sustained under the second agreement, and $10, advanced for freight; that the notes should be returned to him, and the machine returned to defendant in error; that upon the second trial the machine proved to be worthless, of which defendant in error had notice, and plaintiff in error offered to return the same to defendant in error, and demanded the return of his notes. It is further alleged that the consideration for the notes had wholly failed, wherefore plaintiff in error demanded judgment for costs.

Defendant in error, for reply to the answer of plaintiff in error, alleged that, on the 15th day of April, 1885, during the April term of the district court, in an action then pending therein between plaintiff and defendant, which was instituted upon the other note referred to as having been given for the machine, plaintiff in error set up as a defense to that action the same cause of defense as that set forth in his answer in this case, which answer in the previous case was copied into and made a part of the reply. That answer need not be here set out in full. It must be sufficient to say that, in all essential respects, it was substantially the same as the answer in this case, with the exception that affirmative relief was demanded upon the alleged cause of action in favor of plaintiff in error, growing out of the damages sustained by him by reason of the failure of the machine to perform as warranted. The prayer of the petition was for judgment against defendant in error for the sum of $405. The verdict in that case was in favor of plaintiff in error, and the amount of damages found by the jury in his favor was $209.55, but upon motion for a new trial the verdict was found to be excessive, and plaintiff was required to remit therefrom $64.55, leaving the verdict to stand, in favor of plaintiff in error, for $145. The remittitur was filed, and the plaintiff in error recovered a judgment for $145, together

with the costs of the suit. The judgment in that case was pleaded by defendant in error as a bar to the defense set up by the answer.

Upon a trial in this case the pleadings and judgment in the former case were put in evidence. It was admitted that the former case was between the same parties to the record, as in this case; that the notes described in plaintiff's petition were given in the same transaction as the note described in the former case, and for the same machine. It is also shown that, at the time of the trial in the former case, defendant in error had the notes in its possession, and which fact was then established by proof. After the close of the testimony the court instructed the jury to return a verdict in favor of defendant in error for the amount of the principal and interest of the notes described in the petition. A motion for a new trial was filed by plaintiff in error, which was overruled, and a judgment rendered in favor of defendant in error, upon the verdict returned in obedience to the instructions of the court. Plaintiff in error brings the cause to this court by proceedings in error.

The only question presented by the record is, as to the effect of the adjudication in the former suit. Each party seems to insist that the result of that trial must be taken as final, in his behalf. We think it quite probable, under the authorities cited, that had the sole question presented in the other case been that of the failure of the consideration of the note, it might have been treated in this case as an adjudication in favor of plaintiff in error, upon the merits of this case. But upon an examination of the answer presented in that case, we find, not only the allegations contained in the answer in this case, but also a prayer for affirmative relief, which was granted. The amount of damages awarded by the court was equal to the purchase price of the machine. In that answer we find the following allegation: "The defendant says that two of said notes, to-wit, one for $45 and one for $50, with interest on both

notes from July 5, 1880, are negotiable notes, and are now outstanding, and that plaintiff has either sold the said notes and received the proceeds thereof, or the said plaintiff now holds the said notes against this defendant." The action being upon a note for $50, it was, of course, canceled by that suit. If the verdict of the jury, to the extent of the amount for which judgment was allowed, was founded upon the matter of damages alone, by the breach of warranty, the judgment, added to the amount of the note and its interest, would be a finding in favor of plaintiff in error to the extent of over $200, as he received an affirmative judgment for $145. But, in any event, the actual recovery in favor of plaintiff in error was the $145. While it is true that the testimony in that case is not all certified to this court in the case at bar, yet it can hardly be supposed that, under the rule stated in *Aultman v. Stout*, 15 Neb., 586, this amount of damages could have been allowed, without taking into consideration the fact that these notes were outstanding, and were to be paid by plaintiff in error. The defenses in both cases were not simply a failure of consideration, but they were based upon a breach of warranty in the sale of the reaper. Had plaintiff in error brought an independent action for damages growing out of the breach of warranty in the sale of the reaper, and recovered his damages, which he might have done, we think it could not be doubted that such action would bar his right to plead such breach of warranty in this case. *McDonald v. Gregory*, 41 Iowa, 513. A careful examination of the answer filed in the suit upon the first note to mature, it seems to us, can result in no other conclusion than that it was a count for damages, by reason of a breach of warranty, which incidentally presented the defense of failure of consideration. The contract out of which the indebtedness arose was one and indivisible. It was entered into at one time, between the plaintiff on the one hand, and defendant on the other, and upon one consideration. Plaint-

iff in error's right of action upon it was also indivisible. He could not maintain a cross action in the former case for his damages by reason of the breach of warranty, plead the execution of the other notes and his indebtedness thereon, recover damages to the full amount of his whole indebtedness, upon the theory that the notes outstanding were negotiable, and would have to be paid, and again, in this action, maintain the same defense. In this particular his rights were adjudicated by the former action. *Geiser Threshing Machine Co. v. Farmer*, 27 Minn., 428.

We think the instruction to the jury was correct, and the judgment of the district court will therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.