## WILMARTH V. RITSCHLAG, Treasurer.

Mandamus will not lie to compel the disbursing officer of a municipal corporation to pay out public funds in open disobedience of a restraining order made by a court of competent jurisdiction.

(Opinion filed August 5, 1896.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Proceeding in mandamus by A. W. Wilmarth against William A. Ritschlag, as treasurer of the city of Huron, to compel defendant to pay a warrant. From an order denying plaintiff's application for a peremptory writ, he appeals. Affirmed.

The facts are stated in the opinion.

*A. W. Wilmarth, pro se.*

FULLER, J. Based upon plaintiff's affidavit, as the party beneficially interested, an application was made to the trial court for a peremptory writ of mandamus, compelling the defendant, as treasurer of the city of Huron, to pay a warrant drawn May 5, 1869, on funds in the city treasury, purporting to have been levied and collected to pay the current expenses for the fiscal year commencing December 1, 1895, and ending November 30, 1896, and accepted by plaintiff as payment in full for his salary as city attorney for the month of April of the present year. Payment was by the treasurer refused, and the application for a peremptory mandate was denied for the sole reason that there were at the time a large number of unpaid warrants which had been presented and registered prior to the date of plaintiff's warrant, and an injunction issued in an action then pending was in full force, restraining the defendant from the payment of warrants except in the order of their presentation and registration. This appeal is by the plaintiff from said order of the circuit court denying the application for a peremptory writ of mandamus.

The city ordinance and the various statutory provisions expressly prohibiting the defendant from the payment of warrants otherwise than in the order of presentment and registration were fully discussed in State v. Campbell, 64 N. W. 1125, where this court denied an application for a peremptory writ of mandamus to compel the judge of the circuit court to vacate the injunctional order which the predecessor of this defendant refused to disobey. While the writ may, under Section 5517 of the Compiled Laws, be issued "to compel the performance of an act specially enjoined as a duty resulting from an office," the elementary proposition that a court is without jurisdiction to invoke such process to compel an officer to perform an act in open violation of an existing statute suggests itself with irresistible force, and comment thereon would be wholly unjustified. People v. Village of Hyde Park, 117 Ill. 462, 6 N. E. 337; 2 Spell. Extr. Relief, par. 1378, and cases there cited. The validity of the warrants involved in the suit, in aid of which the preliminary injunction was granted, cannot be determined in this proceeding; nor can said restraining order, made by a court of competent jurisdiction, and sustained by this court, upon a direct attack in State v. Campbell, *supra*, be thus collaterally vacated and destroyed. It would be recklessly extravagant and dangerous for a court to suggest that the disbursing officer of a municipal corporation may, under any circumstances, assume the responsibility of paying out public funds in open disobedience of a restraining order; and it would be obviously disastrous to the peace and tranquility of society to hold that mandamus will lie to compel such officer to perform an act prohibited by an injunction, and thus subject him to punishment for contempt of court in any event. As the doctrine is too pernicious, revolutionary and inconsistent with the immutable principles of justice to warrant extended discussion, we cite in support of our view, but without comment, the following authorities: Railroad v. Commissioners, 7 Ohio St 278; State v. Kispert, 21 Wis. 392; People v. Hake, 81 Ill. 540;

People v. Warfield, 20 Ill. 160; *Ex parte* Fleming, 4 Hill, 581. There is nothing in this case to relieve it from the operation of the wholesome rule that mandamus will not issue to compel a person to perform an act in violation of law, or in disregard of a restraining order. The order denying appellant's application for a peremptory writ of mandamus is affirmed. .