FRANK B. GILMORE V. G. H. WHITEMAN ET AL.

FILED MARCH 3, 1897.   No. 7049.

**Res Judicata:** ACTION ON ONE OF A SERIES OF NOTES. Where to an
action upon the first of a series of notes given for the same con-
sideration the defendant alleges fraud and breach of warranty for
the purpose of avoiding the contract in question, a verdict and
judgment for the plaintiff may be pleaded as a bar to the same
defense when interposed to an action upon a second note of the
same series.

ERROR from the district court of Dawson county. Tried
below before HOLCOMB, J.   *Reversed.*

*E. A. Cook,* for plaintiff in error.

*Warrington & Stewart, contra.*

POST, C. J.

This was an action below in the district court for Daw-
son county upon a note for $650 executed by the defend-
ants in error to W. J. Simmons and J. M. McIntosh, bear-
ing date of October 22, 1888, payable thirty months after
date, with interest at eight per cent, payable semi-annu-
ally.   Defendants answered admitting the execution of
the note sued on, but alleging that the same was given in
part payment for a certain stallion purchased of the said
Simmons and McIntosh upon the following written war-
ranty:

"OVERTON, NEBRASKA, October 22, 1888.

"For and in consideration of the sum of thirteen hundred dollars, paid by one note of $650, due eighteen months after date, and one of equal amount due thirty months after date, at eight per cent interest, we bargain, sell, and deliver, and have sold and delivered one registered, finely bred English shire horse called 'Mistake' to Lot G. Carr, G. H. Whiteman, and Abbie P. Lincoln, equal owners, of Overton, Nebraska, and we warrant said horse to be a foal-getter if properly cared for.

"W. J. SIMMONS.

"J. M. McINTOSH."

It was further alleged that the said Simmons and McIntosh, in order to induce defendants to purchase the said stallion and execute the said note, exhibited to them a false and fictitious pedigree by which said stallion was represented to be a purely bred English shire horse, and that the defendants being inexperienced in like matters purchased the said stallion and executed the said note, relying upon said statements and warranties; whereas in truth and in fact said stallion was not a purely bred English shire horse; that he "was not a registered and pedigreed animal," and was not a foal-getter, but was, as the said Simmons and McIntosh well knew, of no value whatever. To the foregoing answer the plaintiff replied as follows: "That the plaintiff, on the 4th day of March, 1892, filed his petition in the district court (said cause before that having been appealed from the county court of Dawson county) against the defendants, who were the same defendants as in this action, said suit being upon said promissory note for six hundred fifty dollars ($650) so given at the time the note in suit was given and which matured eighteen (18) months after its date. In said action the plaintiff herein was plaintiff and the defendants herein were defendants; that to said petition the defendants herein filed their amended answer on the 4th day of March, 1892, in which said answer the defendants in said action, they being the same defendants as in this action,

set up and pleaded the same defense to said promissory note as is set up by said defendants in paragraphs 4, 5, and 6 of the amended answer in this case; that on the issue joined in said first action a trial was had to the court and jury at the October, 1892, term of the district court within and for Dawson county; that the jury in said cause returned a verdict therein and said court, at the January sitting thereof, having overruled the motions for a new trial, judgment was by said court entered on said verdict in favor of the plaintiff herein against the defendants herein, said parties herein being plaintiff and defendants in said action, for the sum of three hundred fifty-eight dollars ($358) and costs of suit; that said judgment is in full force and unreversed; that the defense set up in said cause wherein said judgment was so rendered in favor of this plaintiff and against the defendants herein is the same defense and grows out of the same transaction and is between the same parties as is the defense set up in the amended answer in this case," etc. Upon the trial of the issues thus joined the plaintiff offered in evidence the petition, answer, and reply in the suit upon the companion note, the defense interposed therein being identical with that alleged in this action, as to the record of the trial of said cause showing a verdict and judgment therein in plaintiff's favor in the sum of $358, but which were, upon the objection of the defendants, excluded, and which is the ruling relied upon for a reversal of the judgment in this cause.

The objection to the evidence offered was based upon the following grounds: (1.) No such issue was presented in the county court where the cause originated and from whence it was appealed to the district court. (2.) Said evidence is irrelevant and immaterial. (3.) The issues in this cause are not identical with those tried in the former suit. (4.) The judgment mentioned in the record offered in evidence was, by means of a petition in error, removed to this court and is still pending and undetermined herein. There is, so far as we can discover from the record and

briefs of counsel, no foundation whatever for the first and fourth grounds of objection. Our examination will, accordingly, be confined to the single proposition stated in the second and third grounds thereof, viz., that the issues tried in the former suit are not identical with those tendered by the answer in this action, and that the judgment therein cannot be here interposed as an estoppel. Or, to state the same proposition in the form of an interrogatory, are the allegations of the reply sufficient as an avoidance of the new matter alleged in the answer? It is an elementary rule often recognized in this state that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in a subsequent action between the same parties and others in privity with them. (*Wilch v. Phelps,* 16 Neb., 515; *Nelson v. Bevins,* 19 Neb., 715; *Knorr v. Peerless Reaper Co.,* 23 Neb., 636; *Gayer v. Parker,* 24 Neb., 643.) The reply must, when tested by that rule, be held sufficient, and the judgment therein alleged conclusive of the question raised by the answer. There can, upon the record before us be no doubt of the identity of the defense here interposed with that alleged in the former action and which was in part sustained by the judgment therein. That action was, as we have seen, upon a note executed at the same time as the one here involved, and as part consideration for the stallion described in the answer. The contract of warranty and the fraud there interposed as a defense are the same as those relied upon in this action. By the judgment pleaded two facts are conclusively established: First, that the stallion purchased by the defendants was not as represented by Simmons and McIntosh, a sure foal-getter; second, that the defendants' damage on account of such misrepresentations, whether resulting from a breach of the contract of warranty, or for actionable fraud, did not exceed the sum of $500, being the difference between the face value of the note there involved and the amount of the verdict and judgment for the plaintiff. If authority were necessary to prove that

the judgment pleaded is, in view of the facts alleged, a complete bar to the same defense when interposed in this action, it is found in *Knorr v. Peerless Reaper Co., supra,* a case in point. (See, also, 2 Black, Judgments, sec. 754, and cases cited.) It follows that the rejection of the evidence offered was error, for which the judgment in favor of defendants must be reversed and the cause remanded for further proceedings in the district court.

REVERSED.